UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-104-MOC
(3:20-cr-415-MOC-WCM-1)

| | |
|---|---|
| CARISSA EUGENIA BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's pro se "Motion to Vacate Set Aside or Discharge Detainment" pursuant to 28 U.S.C. § 2255 [Doc. 1], and "Motion to Substitute Judge for Good Cause" [Doc. 2].

### I. BACKGROUND

Petitioner was charged by Bill of Information with committing a wire fraud scheme to defraud debtors in violation of 18 U.S.C. § 1343 (Count One), and money laundering in violation of 18 U.S.C. § 1957 (Count Two). [3:20-cr-415 ("CR") Doc. 1]. She entered a signed Plea Agreement [CR Doc. 4] and Factual Basis [CR Doc. 5] on December 7, 2020. On December 11, 2020, a Rule 11 hearing came before a magistrate judge who accepted the plea as knowing and voluntary. [CR Doc. 8]. Petitioner was released on bond pending sentencing. [CR Doc. 10].

Petitioner went through several attorneys and is now representing herself with standby counsel. [CR Docs. 29, 37]. Petitioner did not appear for sentencing on August 25, 2022 and the Court issued a bench warrant. [CR Doc. 53]. On September 12, 2022, a magistrate judge revoked Petitioner's pretrial release and ordered her detained pending further proceedings. [CR Doc. 58].

Petitioner appealed the revocation and detention Order to the Fourth Circuit Court of Appeals, which dismissed for lack of jurisdiction on November 16, 2022. [CR Doc. 71].

Petitioner has filed Motions seeking to withdraw her guilty plea which were denied following an evidentiary hearing on December 13, 2022. See United States v. Brown, 2022 WL 17652883 (W.D.N.C. Dec. 13, 2022); [CR Docs. 47, 70]. A sentencing hearing scheduled for December 19, 2022, was continued because Petitioner had filed a § 1983 civil rights lawsuit in which she named as Defendants various executive branch officials, and various judicial branch officials including the undersigned, Case No. 3:22-cv-617-KDB-DCK. [CR Doc. 86].

Petitioner filed the instant § 2255 Motion to Vacate on February 19, 2023. It appears that she is attempting to challenge the Order revoking pretrial release and detaining her pending the sentencing hearing. As relief, she seeks: discharge on her own recognizance; $50,000 in attorneys' fees and costs; and any other relief the Court deems just and proper. The Petitioner has also moved for the undersigned's removal from the instant case pursuant to 28 U.S.C. §§ 144 and 455.

The undersigned stayed this case *sua sponte* pending the issuance of a Judgment in Case No. 3:22-cv-617-KDB. [Doc. 3]. That case was dismissed on May 19, 2023 and the Petitioner has filed a Notice of intent to proceed with the instant case. [Doc. 4; 3:22-cv-617, Doc. 46]. The stay will, therefore, be lifted.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate
2

Petitioner appealed the revocation and detention Order to the Fourth Circuit Court of Appeals, which dismissed for lack of jurisdiction on November 16, 2022. [CR Doc. 71].

Petitioner has filed Motions seeking to withdraw her guilty plea which were denied following an evidentiary hearing on December 13, 2022. See United States v. Brown, 2022 WL 17652883 (W.D.N.C. Dec. 13, 2022); [CR Docs. 47, 70]. A sentencing hearing scheduled for December 19, 2022, was continued because Petitioner had filed a § 1983 civil rights lawsuit in which she named as Defendants various executive branch officials, and various judicial branch officials including the undersigned, Case No. 3:22-cv-617-KDB-DCK. [CR Doc. 86].

Petitioner filed the instant § 2255 Motion to Vacate on February 19, 2023. It appears that she is attempting to challenge the Order revoking pretrial release and detaining her pending the sentencing hearing. As relief, she seeks: discharge on her own recognizance; $50,000 in attorneys' fees and costs; and any other relief the Court deems just and proper. The Petitioner has also moved for the undersigned's removal from the instant case pursuant to 28 U.S.C. §§ 144 and 455.

The undersigned stayed this case *sua sponte* pending the issuance of a Judgment in Case No. 3:22-cv-617-KDB. [Doc. 3]. That case was dismissed on May 19, 2023 and the Petitioner has filed a Notice of intent to proceed with the instant case. [Doc. 4; 3:22-cv-617, Doc. 46]. The stay will, therefore, be lifted.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate

can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

As a preliminary matter, the Court will address the Petitioner's "Motion to Substitute." Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…." 28 U.S.C. § 144. The affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Id. Although the judge must accept as true the facts alleged in an affidavit filed under § 144, the judge is not required to accept as true conclusory statements, opinions, or speculations.  See generally Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979).

Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his "impartiality may be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. The test for determining partiality is objective. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).  However, "[a] presiding judge is not required to recuse himself simply because of unsupported or highly tenuous speculation." Megaro v. McCollum, 66 F.4th 151, 163 (4th Cir. 2023).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 551 (1994).

Here, the Petitioner claims that: a conflict of interest exists because the instant case "originate[s]" from the underlying criminal case, 3:20-cr-415; the undersigned "can not be

3

impartial because he is bias and prejudice as a result of being a **DEFENDANT** in the counterclaim suit … related case #3:22-CV-617;" Petitioner believes that the undersigned was assigned to the instant case "to prevent the corruption [in the criminal case] from being exposed" and to deny her a fair § 2255 proceeding; the Court allowed the criminal case to be initiated in violation of the law; the undersigned "yelled" at her in open court in the criminal case; the Petitioner has filed a judicial misconduct complaint; and no hearing has yet been scheduled,[1] in violation of due process. [Id. at 2; Doc. 2-1 at 1] (errors uncorrected).

Petitioner has failed to set forth any cognizable basis for the Court's removal from this action. The Plaintiff's Motion relies on vague and unsubstantiated claims of prejudice and bias. The Court's prior judicial rulings in the criminal case, any contentiousness in those proceedings, and the Plaintiff's conclusory claims of animus and a desire to deprive her of due process, provide no basis for relief. See Liteky, 510 U.S. at 551; United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not ... required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation' ") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). Nor will the Plaintiff be allowed to force the Court's removal from the instant action by filing a judicial conduct complaint, or by naming the undersigned as a defendant in a civil case. See United States v. Owens, 902 F.2d 1154, 1156 (4th Cir. 1990) ("courts have typically rejected recusal motions based on, and effectively created by, a litigant's deliberate act of criticizing the judge or judicial system."); see, e.g., Woltz v. United States, 2010 WL 330218 (W.D.N.C. Jan. 20, 2010) (a litigant's filing of a complaint of judicial misconduct against a presiding judge does not infer bias or impartiality; such would result in judge-shopping). In short,

---

[1] This appears to refer to both the instant § 2255 proceeding and the criminal sentencing hearing.

the Plaintiff's displeasure with the Courts assignment to this case fails to provide any basis for relief under §§ 144 or 455, and the Plaintiff's Motion is denied.

Insofar as the Petitioner seeks § 2255 relief, the petition is premature. The language of § 2255 clearly states that the motion is available for a "prisoner" who is "in custody" and "under sentence." 28 U.S.C. § 2255(a); see, e.g., Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (discussing the finality of a judgment for purposes of § 2255); Clay v. United States, 537 U.S. 522, 532 (2003) (same). "Thus, where a federal prisoner has not yet been sentenced, a district court lacks jurisdiction over a motion brought under § 2255." Austin v. United States, No. 3:05-CR-213, 2008 WL 922344, at *1 (W.D.N.C. Mar. 31, 2008) (citing Stantini v. United States, 140 F.3d 424, 427 (2d Cir. 1998)). Petitioner has not yet been sentenced and, accordingly, there is no judgment that the Petitioner may challenge pursuant to § 2255. Accordingly, the instant § 2255 Motion to Vacate is dismissed without prejudice as premature.[2]

Moreover, to the extent that the Petitioner seeks to challenge her pretrial detention,[3] or to be awarded money damages,[4] she may not do so in a § 2255 action. See generally 28 U.S.C. § 2255(b).

IV.     CONCLUSION

For the foregoing reasons, the stay is lifted, the "Motion to Substitute" is denied, and the instant § 2255 Motion to Vacate is dismissed without prejudice as premature.

---

[2] Should the Petitioner choose to file a § 2255 petition after her judgment becomes final, she must comply with all applicable timeliness and procedural requirements. She is strongly urged to use a § 2255 form (which will be provided) and to describe her claims in a short and plain manner. The Court makes no determinations about the potential merit or procedural viability of a future § 2255 action.

[3] See generally Shine v. U.S. Marshell, 2023 WL 2959882 (W.D.N.C. March 27, 2023) (discussing 18 U.S.C. § 3145 and 28 U.S.C. § 2241).

[4] See generally 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**IT IS, THEREFORE, ORDERED** that:

1. The Order staying this case [Doc. 3] is **LIFTED**.

2. Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DISMISSED** without prejudice as premature.

3. Petitioner's "Motion to Substitute Judge for Good Cause" [Doc. 2] is **DENIED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

5. The Clerk is respectfully instructed to mail the Petitioner a blank § 2255 form and a copy of this Order, and close this case.

Signed: July 31, 2023

Max O. Cogburn Jr
United States District Judge